

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE BOLDUC | : CIVIL ACTION |
| v. | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | : No. 16-1367 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                    January 11, 2017

      Plaintiff filed a complaint against Experian Information Solutions, Equifax Information Services, and State Farm Bank for the issuance of incorrect credit reports. In her complaint, Plaintiff set forth claims for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and defamation of character. State Farm has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that Plaintiff has failed to state a claim upon which relief can be granted for claims pursuant to 15 U.S.C. §§ 1681s-2(a) and 1681s-2(b) of the FCRA. State Farm also contends that Plaintiff's defamation claim is preempted by the FCRA. For the following reasons, I will grant State Farm's motion, in part, and deny it, in part.

      Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff. Federal Rule of Civil Procedure 8(a)(2) only requires

"a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the Supreme Court has stated that there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff entered into a mortgage agreement with State Farm sometime prior to 2010. On July 10, 2010, Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code. She ultimately received a discharge under Chapter 13, but her mortgage debt with State Farm was not discharged. In early 2016, Plaintiff noted that her credit reports inaccurately reported that her mortgage was "discharged through Chapter 13 Bankruptcy," that Plaintiff had been delinquent in September 2013, that Plaintiff's recent payment amounts were not reported, that $6,090 was written off, and that Plaintiff had a $18,709 balance which was past due and charged off.

On February 9, 2016, Plaintiff disputed the accuracy of State Farm's information with Defendants Experian and Equifax. The same day, Defendants Equifax and Experian acknowledged receipt of Plaintiff's dispute. Experian and Equifax ultimately notified Plaintiff that her account with State Farm had been "verified." As of the filing of Plaintiff's complaint, neither Equifax nor Experian had marked the account "disputed" by Plaintiff. Moreover, according to Plaintiff, Equifax and Experian have not changed the information reported regarding Plaintiff's State Farm mortgage.[1] Plaintiff contends that

---

[1] Plaintiff notes that as of the filing of her complaint, Defendants Equifax and Experian had changed Plaintiff's past due and charged off amount from $18,709 to $18,546.

2

as a result of the defendants' actions, she has suffered actual damages, including serious financial and dignitary harm.

### 1. 15 U.S.C. § 1681s-2(a): Duty of Furnishers of Information to Provide Accurate Information

Under § 1681s-2(a) of the FCRA, a person shall not furnish any information relating to a consumer to a consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. State Farm is a "furnisher" of information under the FCRA. State Farm contends that portions of Paragraph 33 of the complaint alleging violations of § 1681s-2(a) should be dismissed because there is no private right of action for alleged violations under that provision of the FCRA. In her complaint, Plaintiff asserts that State Farm reported information with actual errors in violation of § 1681s-2(a)(1)(A); reported information after notice and confirmation of errors in violation of § 1681s-2(a)(1)(B); failed to correct and update information in violation of § 1681s-2(a)(2)(B); failed to provide notice of dispute in violation of § 1681s-2(a)(3); and failed to conduct an investigation with respect to disputed information in violation of § 1681s-2(a)(8).

There is no private right of action for alleged violations of § 1681s-2(a). *Huertus v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011); *Vullings v. Trans Union, LLC*, 115 F.Supp.3d 538, 540-541 (E.D. Pa. 2015). The exclusive remedy for violations of 15 U.S.C. § 1681s-2(a) is through administrative enforcement. *Id.*; *see also* 15 U.S.C. § 1681s-2(c), (d). Plaintiff does not attempt to dispute this argument or even address §

3

1681s-2(a) in her response. Thus, subparagraphs 33(a), (b), and (d) through (h) of Plaintiff's complaint are dismissed.[2]

### 2. 15 U.S.C. § 1681s-2(b): Duties of Furnishers of Information Upon Notice of Dispute

Under the FCRA, after receiving notice of a dispute regarding the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher of information shall conduct an investigation with respect to the disputed information. 15 U.S.C. § 1681s-2(b)(1)(A). State Farm argues that portions of Paragraph 33 of the complaint alleging violations of § 1681s-2(b) should be dismissed because Plaintiff has failed to allege that the credit reporting agencies provided State Farm with notice of the dispute. State Farm also contends that Plaintiff failed to allege that State Farm did not conduct an investigation.

Dismissal on these grounds would be premature. "Although § 1681s-2(b) seemingly 'requires a pleading that a consumer reporting agency notified a furnisher of a dispute,' this information would, at the pleading stage, be unknowable by the plaintiff." *Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *2 n.3 (E.D. Pa. Apr. 19, 2002) (quoting *Jaramillo v. Experian Info. Sols., Inc.*, 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001)). Plaintiff contacted Equifax and Experian to dispute information provided by State Farm. After allegedly investigating the disputed information, the credit reporting agencies failed

---

[2] Although subparagraphs 33(a) and (b) do not specifically reference which provision of the FCRA forms the basis for its claims, they allege the same violations of the FCRA found at subparagraphs 33(d) and (f) which cite to §§ 1681s-2(a)(1)(A) and 1681s-2(a)(2)(B).

4

to remove the disputed information from Plaintiff's credit report. These facts create a reasonable inference that State Farm was notified and failed to adequately respond to the credit reporting agencies' investigatory inquiries. *Richard L. Sheffer v. Experian Information Solutions, Inc., et al.*, 249 F.Supp.2d 560 (E.D. Pa. 2013).

Because discovery is needed to determine if State Farm was notified of the dispute and conducted an investigation into the accuracy of the disputed information, Defendant's motion to dismiss subparagraph 33(c), brought pursuant to § 1681s-2(b), is denied. Defendant may renew its challenge if discovery reveals the State Farm was not notified of the dispute. *Sullivan*, 2002 WL 799856 at *2 n.3; *Cicala v. Trans Union, LLC*, 2016 WL 2622377, at *3 (E.D. Pa. May 9, 2016).

### 3. Defamation of Character

State Farm argues that Plaintiff's defamation claims are preempted by § 1681t(b)(1)(F). Plaintiff counters that FCRA's preemption language applies only to state statutory claims and does not preempt state common law claims based on malice or willful intent to injure. Because she alleges that she has sufficiently pled the element of malice necessary to bring an action for defamation, Plaintiff concludes that her defamation claims survive Plaintiff's motion to dismiss.

Section 1681t(b)(1)(F) preempts both statutory and common law causes of action. *See Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011) (discussing the interplay of § 1681t(b)(1)(F) and § 1681h(e) and concluding that the statutes are not inconsistent but

rather preempt additional state claims); *Cicala*, 2016 WL 2622377, at *4; *Vullings*, 115 F.Supp. at 543; *Grossman v. Trans Union*, LLC, 992 F.Supp.2d 495, 500 (E.D. Pa. 2014). Thus, Plaintiff's defamation claims found in Count II are dismissed with prejudice.

    An appropriate order follows.

ENTERED

JAN 12

CLERK OF